UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CARLOS VARGAS,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>TIM GARRETT, et al.,<br><br>　　　　　　　Defendants. | Case No. 3:22-cv-00119-ART-CSD<br><br>ORDER<br><br>(ECF Nos. 10, 14) |

　　　　This action began with a pro se civil-rights complaint filed under 42 U.S.C. § 1983 by state prisoner Plaintiff Carlos Vargas. (ECF No. 1-1). On July 11, 2022, the Court screened Plaintiff's First Amended Complaint under 28 U.S.C. § 1915A. (ECF No. 8). The screening order allowed the First Amendment retaliation and Fourteenth Amendment Due Process Clause claims to proceed against the institutional investigator at High Desert State Prison ("HDSP") who allegedly validated Plaintiff as a Sureno gang member and gave him a Security Threat Group ("STG") classification merely because he is Mexican, and placed Plaintiff in administrative segregation because he filed a grievance against the investigator about the validation and classification. (*Id.* at 7–9, 11–13). Because Plaintiff did not know the true name of the investigator, the Court granted him leave to amend to substitute a Doe defendant when he learned the investigator's true name. (*Id.* at 13–14). And the Court instructed that Plaintiff could discover the true name of the investigator through a subpoena duces tecum issued under Federal Rule of Civil Procedure 45. (*Id.* at 14–15).

　　　　Plaintiff has now filed a motion asking the Court to issue Rule 45 subpoenas directing two non-parties to produce records identifying the name of the investigator, among other things. (ECF No. 10). Because Plaintiff has not yet discovered the true name of the investigator, he also moves for a 90-day extension of time to file a second amended complaint. (ECF No. 14). For the reasons discussed below, the Court grants in part the motion to issue Rule 45 subpoenas and grants the motion to extend time.

## I.    DISCUSSION

"A command to produce documents, electronically stored information, or tangible things" in a subpoena duces tecum served under Rule 45 "requires the responding person to permit the inspection copying, testing, or sampling of the materials" requested. Fed. R. Civ. P. 45(a)(1)(D). Rule 45 directs that the party responsible for issuing and serving a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." *Id.* at (d)(1). "And the Rule provides that "[t]he Court for the district where compliance is required must enforce this duty and impose an appropriate sanction . . . on a party or attorney who fails to comply." *Id.*

Plaintiff seeks a subpoena requiring the Nevada Department of Corrections ("NDOC") Case Records Manager and Lovelock Correctional Center ("LCC") Warden Tim Garrett to produce: (1) documents identifying the name of the Institutional Investigator at HDSP who in 2013 validated Plaintiff as a Sureno gang member; (2) documents identifying the name of the Correctional Casework Specialist at HDSP who in 2013 entered into Plaintiff's I-file, C-file, and the Nevada Offender Tracking Information System ("NOTIS") that he had been validated as a Sureno gang member; (3) NDOC forms 1597 and 1598 validating and notifying Plaintiff of his STG classification; (4) the 2013 Incident Report generated in NOTIS validating Plaintiff's STG classification; and (5) HDSP Caseworker notes or entries for July, August, and September 2013. Plaintiff contends that these documents will permit him to discover the true names of the Doe defendants who committed the alleged violations and allow him to file a second amended complaint naming them. Plaintiff has submitted a document showing that his effort to obtain the names of the investigator and caseworker using an inmate request form were rebuffed. (ECF No. 11). He argues that the NDOC's administrative regulations provide that the Correctional Case Records Manager "is the legal custodian of records for the department of corrections" and "wardens or facility managers are responsible for being the legal custodians of institutional inmate records." (ECF No. 10 at 3).

This case is still in the screening stage and cannot proceed until Plaintiff discovers the true name of the investigator that the Court has permitted claims to proceed against. The Court has permitted Plaintiff leave to file a second amended complaint that substitutes the true name of any Doe defendant if he discovers it. The Court finds that Plaintiff has shown good cause why subpoenas should issue directing the NDOC Case Records Manager and LCC Warden Tim Garrett to produce documents identifying the names of the investigator and caseworker whom Plaintiff describes in his motion. Plaintiff also seeks the production of specific documents: his I-file; C-file; NOTIS entries; NDOC forms 1597 and 1598; and HDSP caseworker notes for July, August, and September 2013. The Court recognizes that all or part of these documents could contain the name of the Doe defendants that Plaintiff seeks. But Plaintiff has not shown good cause to command production of all these documents and in their entirety at this time.

The Court will therefore grant in part and deny in part Plaintiff's motion to issue subpoenas. The Court will amend both subpoenas that Plaintiff submitted with his motion to state that the recipient is commanded to produce:

> Documents identifying (1) the name of the Institutional Investigator at High Desert State Prison ("HDSP") who in 2013 validated Carlos Vargas as a Sureno gang member; and (2) the name of the Correctional Casework Specialist at HDSP who in 2013 entered into Vargas's I-file, C-file, and the Nevada Offender Tracking Information System ("NOTIS") that he had been validated as a Sureno gang member. The information sought could be in caseworker notes or entries for July, August, or September 2013; NDOC forms 1597 and 1598 from 2013; an Incident Report from 2013; NOTIS entries from 2013; or entries in Vargas's I-file or C-file from 2013.

The Court will also amend the subpoenas to state that production is to occur at Lovelock Correctional Center, or the NDOC facility where Plaintiff is housed on the production date, 45 days from the later of service or acceptance of service. And because Plaintiff has shown good cause to extend the deadline to file a second amended complaint by 90 days, the Court will grant his motion for that relief.

## II. CONCLUSION

It is therefore ordered that the motion to issue Rule 45 subpoenas duces tecum (ECF No. 10) is granted in part and denied in part.

It is further ordered that the motion for extension of time (ECF No. 14) is granted. Plaintiff Carlos Vargas has **until January 23, 2023,** to file a second amended complaint consistent with the Court's July 11, 2022, screening order.

The Clerk of the Court is directed to: (1) issue the two subpoenas and their exhibits that are attached to this order and (2) electronically serve a copy of this order and copies of both subpoenas and their exhibits on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

It is further ordered that the Attorney General's Office must file a notice **by November 1, 2022,** advising the Court and Plaintiff whether it accepts service of the subpoenas on behalf of the Nevada Department of Correction's Case Records Manager and Lovelock Correctional Center Warden Tim Garrett.

DATED: October 25, 2022

_____
UNITED STATES MAGISTRATE JUDGE

Case 3:22-cv-00119-ART-CSD   Document 8-3   Filed 07/11/22   Page 1 of 3

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

CARLOS VARGAS
_____
*Plaintiff*
v.

TIM GARRETT, WARDEN
_____
*Defendant*

Civil Action No. 3:22-cv-119-ART-CSD

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: WARDEN·TIM GARRETT, LOVELOCK CORRECTIONAL CENTER
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material See Exhibit A attached hereto.

| Place: Lovelock Correctional Center or the NDOC facility where Plaintiff is housed on the production date. | Date and Time: 45 days from the later of service or acceptance of service. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Exhibit A

Documents identifying (1) the name of the Institutional Investigator at High Desert State Prison ("HDSP") who in 2013 validated Carlos Vargas as a Sureno gang member; and (2) the name of the Correctional Casework Specialist at HDSP who in 2013 entered into Vargas's I-file, C-file, and the Nevada Offender Tracking Information System ("NOTIS") that he had been validated as a Sureno gang member. The information sought could be in caseworker notes or entries for July, August, or September 2013; NDOC forms 1597 and 1598 from 2013; an Incident Report from 2013; NOTIS entries from 2013; or entries in Vargas's I-file or C-file from 2013.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

CARLOS VARGAS )
_Plaintiff_ )
v. ) Civil Action No. 322 CV00119-ART-CSD
TIM GARRETT, WARDEN )
_Defendant_ )

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: NEVADA DEPARTMENT OF CORRECTIONS CASE RECORDS MANAGER
_(Name of person to whom this subpoena is directed)_

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A attached hereto.

| Place: Lovelock Correctional Center or the NDOC facility where Plaintiff is housed on the production date. | Date and Time: 45 days from the later of service or acceptance of service. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT
OR

_____       _____
_Signature of Clerk or Deputy Clerk_        _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
_____, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Exhibit A

Documents identifying (1) the name of the Institutional Investigator at High Desert State Prison ("HDSP") who in 2013 validated Carlos Vargas as a Sureno gang member; and (2) the name of the Correctional Casework Specialist at HDSP who in 2013 entered into Vargas's I-file, C-file, and the Nevada Offender Tracking Information System ("NOTIS") that he had been validated as a Sureno gang member. The information sought could be in caseworker notes or entries for July, August, or September 2013; NDOC forms 1597 and 1598 from 2013; an Incident Report from 2013; NOTIS entries from 2013; or entries in Vargas's I-file or C-file from 2013.